# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:09cr306 |
| | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| CALVIN DRIVER, | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court are various motions filed by the defendant. Having been fully briefed, they are ripe for disposition.

**Background**

On September 29, 2009, a grand jury sitting in the United States District Court for the Middle District of Pennsylvania returned an indictment naming Defendant Calvin Driver on four counts. Count I accuses the defendant of engaging in a conspiracy to assault a fellow inmate at the United States Penitentiary in Canaan, Pennsylvania and to assault and interfere with the work of Correctional Officers employed by the United States Bureau of Prisons who were attempting to break up the alleged attack. Count II charges defendant with assault with a deadly weapon. Count III alleges that defendant intentionally assaulted, resisted, opposed, impeded, intimidated and interfered with correctional officers. Count IV contends that defendant knowingly possessed the weapons used in the assault, a lock tied in a sheet and a homemade knife.

Defendant filed the instant motions in preparation of the pre-trial conference. The government then responded to those motions, bringing the case to its present posture.

**Discussion**

The court will address each motion filed by the defendant in turn.

**i. Notice of Government's Intention to Rely on Other Crimes, Wrongs, Acts and Misconduct Evidence**

Defendant seeks an order from the court directing the government to give pre-trial notice of its intention to introduce evidence alleging that the defendant has committed other crimes, wrongs, acts and misconduct pursuant to Federal Rule of Evidence 404(b). The defendant also seeks a list of all such evidence, including the names of witnesses, the dates of the events' occurrences, summaries of expected testimony, and any related documentary evidence. The government responds that it does have any reason to offer such evidence, but reserves the right to introduce such information if Driver's defense makes that information relevant. In that instance, the government agrees to provide the information as required by the federal rules.

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). Such evidence, however, "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent,

2

preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Id. "[U]pon request of the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Id.

The government has complied with the requirements of the rule, indicating that such evidence will not appear in the case-in-chief against the defendant. The adequacy of the notice provided to defendant if events at trial cause the government to introduce such evidence can be raised at an appropriate time. The court will therefore deny the motion as moot without prejudice to the defendant re-raising the issue at an appropriate time.

### ii. Jencks Act Material

The defendant seeks disclosure of all material covered by the Jencks Act, 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2. (Doc. 45). Defendant seeks this material fifteen days before trial. The government responds that defendant has already received all of the required material, and promises to provide defense counsel with an additional copy of the material if the evidence has been misplaced.

The Jencks Act provides that "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has

3

testified." 18 U.S.C. § 3500(b). Federal Rule of Criminal Procedure 26.2(a) likewise provides that "[a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." FED. R. CRIM. P. 26.2(a). Courts have concluded that the statute requires disclosure of prior statements related to the subject of a witness's testimony "after each witness testifies on direct examination." United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). Disclosure of such statements "is mandatory if the defendant makes a timely motion." United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992). Thus, the defendant having filed a motion requesting such material, the government is required to provide any statements that qualify under the act. Such disclosure, however, is not required until after those witnesses testify. See United States v. Merlino, 349 F.3d 144, 155 (3d Cir. 2003) (Jencks Act "disclosures must be made *after* each witness testifies on direct examination.") (emphasis added).

Since the government attests that the defendant has been supplied all of the material required by the act, the motion will be denied as moot. The motion is denied without prejudice to the defendant raising the issue again at an appropriate time during trial.

### iii. Attorney-Conducted Voir Dire

4

Defendant requests that his attorney be allowed personally to conduct voir dire with the prospective jurors. (Doc. 44). He argues that his right to a fair trial would be best protected by allowing his attorney an opportunity to examine jurors and exclude those who appear to have a bias. The government responds that the manner of voir dire is left to the sound discretion of the judge.

"Because the obligation to impanel an impartial jury lies in the first instance with the trial judge, and because he must rely largely on his immediate perceptions, federal judges have been accorded ample discretion in determining how best to conduct the *voir dire*." Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981). In exercising this discretion, the court will adopt the following procedure for voir dire: the court will engage in general questioning of the jury. After those general questions, counsel for defendant and the government will be provided an opportunity to question jurors about potential biases. The court concludes that this procedure will allow defense counsel ample opportunity to explore the potential biases of witnesses and ensure that he receives a fair trial.

The court will therefore grant the motion and follow the procedures described above.

### iv. Motion to Sequester Witnesses

Defendant seeks an order from the court sequestering all government witnesses and excluding them from the courtroom during all trial and pretrial matters until they are called to testify. (Doc. 46). With the exception of the case agent, the

5

government does not oppose this motion. The court will therefore grant the motion as unopposed, allowing only the presence of the case agent in the courtroom before testifying.

**Conclusion**

For the reasons stated above, the court will grant the defendant's motions in part and deny them in part. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:09cr306 |
| | : | |
| | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **CALVIN DRIVER,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 22nd day of June 2010, the defendant's motions in limine are granted in part and denied in part, as follows:

1. The defendant's motion for notice by the government of its intention to rely on other crimes, wrongs, acts and misconduct evidence (Doc. 43) is hereby **DENIED** without prejudice to defendant re-raising the issue at an appropriate time;

2. The defendant's motion for attorney-conduct voir dire (Doc. 44) is hereby **GRANTED** as set forth in the foregoing memorandum;

3. The defendant's motion for early disclosure of Jencks Act material (Doc. 45) is hereby **DENIED** without prejudice to defendant re-raising the issue at an appropriate time;

4. The defendant's motion to sequester witnesses (Doc. 46) is hereby **GRANTED**, except with respect to the case agent.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**